IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGELIO TORRES-RODRIGUEZ,<br><br>Defendant. | 4:22-CR-3099<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on the defendant's motion to reduce sentence (filing 41), and the parties' stipulation (filing 42) regarding the effect of U.S.S.G. § Amend. 821 on the defendant's Guidelines sentencing range and the appropriate reduction to the defendant's sentence. The Court is not opposed, in principle or in substance, to the reduction agreed to by the parties. The Court has questions, however, about its authority to order the agreed-to reduction in this case.

The Court's authority to reduce a sentence based on amendment of the Sentencing Guidelines flows from 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The relevant policy statement is U.S.S.G. § 1B1.10, which states that when a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has been lowered as a result of an amendment to the Guidelines Manual that the Sentencing Commission has identified as retroactive, the Court may reduce the defendant's term of imprisonment—but "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

And most pertinently, except for below-Guidelines sentences imposed because of the defendant's substantial assistance to authorities—that is, imposed pursuant to 18 U.S.C. § 3553(e), Fed. R. Crim. P. 35(b) or U.S.S.G. § 5K1.1—then "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A). The Guidelines commentary makes the effect abundantly clear:

> [T]he amended guideline range . . . and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically . . . if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range. . . . For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range . . .

is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

If the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation . . . also applies. Thus, if the term of imprisonment imposed in the example provided above was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

*Id.*, cmt. n.3 (citations omitted).

That example looks almost identical to the defendant's situation here. The defendant's original guidelines range was 46 to 57 months, and he was sentenced to 40 months' imprisonment. Filing 38 at 2, filing 39 at 1. That below-Guidelines sentence was the result of a motion for variance to which the government objected—not any cooperation with law enforcement on his part. *See* filing 39 at 2-3. The defendant's amended guidelines range is 37 to 46 months. Filing 42. Section 1B1.10(b)(2)(A) would limit his sentence reduction to the bottom of that range, 37 months. Instead, the parties have agreed to a sentence of 32 months. Filing 42. But the Court sees nothing in § 1B1.10(b), Amend. 821, or U.S.S.G. § Amend. 825, which would exempt this case from the limitation imposed by § 1B1.10(b)(2)(A).

That said, the amendment process is complicated, and the Court cannot rule out the possibility of some legal authority of which it is as yet unaware.

- 3 -

The Court will, therefore, provide the parties with an opportunity to persuade the Court that their agreed-upon reduction is appropriate. Accordingly,

IT IS ORDERED:

1. For the reasons stated above, the parties shall show cause, by simultaneous briefs to be filed on or before December 21, 2023, why the Court should not impose a bottom-of-the-Guidelines sentence of 37 months.

2. The Clerk of the Court shall set a show cause deadline for December 21, 2023.

Dated this 11th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge